UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTIZ DE LA HOZ,<br><br>    Plaintiff,<br><br>v.<br><br>RR ENTERTAINMENT MUSIC CORP. et al,<br><br>    Defendants. | No. 2:25-cv-04231-WJM-MAH<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

    This matter is before the Court on a pro se motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 25 ("Motion"). The Court decides the matters without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the briefs, and for the reasons set forth below, the Motion is **GRANTED WITH PREJUDICE** for lack of subject-matter jurisdiction, and the remainder of the Motion is **DENIED** as moot.

**I.    BACKGROUND**

    This copyright case arises out of a dispute over the artistic works of the decedent and original Plaintiff, Dario Evangelista Ortiz De La Hoz, also known as Dhario Primero. Compl. ¶¶ 2, 6. Mr. De La Hoz originally filed suit on May 14, 2025, naming as Defendants Ranphys Dario Ortiz de Leon, Raphael Dario Ortiz de Leon, and RR Entertainment Music Corp. *Id.* ¶¶ 7-9. However, Mr. De La Hoz passed away one day before, on May 13, 2025. ECF No. 10. Counsel for the Plaintiff filed a notice of death on August 25, 2025. *Id.* Several weeks later, counsel for Plaintiff moved to substitute the personal representative of Mr. De La Hoz's estate, his son Robert Dario Ortiz Lopez, as Plaintiff. ECF No. 11-1, at 2. The Court granted the unopposed substitution motion on October 21, 2025. ECF No. 12.

    On November 24, 2025, Defendants[1] Ranphys Dario Ortiz de Leon and Raphael Dario Ortiz de Leon moved to dismiss, arguing that the Court lacks subject matter jurisdiction

---

[1] Defendant RR Entertainment Music Corp. is a corporation and has not yet appeared in this action, so a default has been entered pursuant to Federal Rule of Civil Procedure 55(a).

1

and that Plaintiff failed to state a claim. Plaintiff opposes the Motion, ECF No. 29 ("Opposition"),[2] which is now fully briefed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. There are two types of challenges to subject matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Here, Defendant brings a factual attack, Mot. 7, so the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). As the Motion was filed pro se, the Court construes it liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

Before reaching the merits, the Court must first address whether this action is void ab initio, or void as of the date of filing, because Mr. Ortiz De La Hoz died before the Complaint was filed. *See Void, Black's Law Dictionary* (12th ed. 2024) (defining "void ab initio" as being "[n]ull from the beginning, as from the first moment").

A plaintiff who does not exist in a legal sense cannot sue or be sued. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) ("[W]ithout legal existence, the [Plaintiffs] lacked standing to sue."). Deceased plaintiffs do not exist under the law. *See Pasos v. E. S.S. Co.*, 9 F.R.D. 279 (D. Del. 1949) (dismissing for lack of jurisdiction where the plaintiff had predeceased and therefore "had no legal existence"). Therefore, federal courts lack subject matter jurisdiction over a party that does not legally exist. *See In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. CV 11-6476, 2021 WL 5002715, at *14 (D.N.J. Oct. 28, 2021) (collecting cases).

Indeed, Rule 25 exists in part to permit substitution of a deceased plaintiff with the correct surviving entity "[i]f a party dies and the claim is not extinguished." Fed. R. Civ.

---

*See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.").

[2] Although Mr. Ranphys Dario Ortiz de Leon filed a letter asserting that the Plaintiff did not file a timely opposition, ECF No. 27, because the Motion was filed on November 24, 2025, the Motion was set for January 5, 2026, and the corresponding deadline for opposition papers was December 22, 2025. *See 2026 Motion Calendar*, U.S. Dist. Ct. for the Dist. of N.J., https://www.njd.uscourts.gov/sites/njd/files/2026Motions.pdf (https://perma.cc/N3XM-FFE3) (last visited January 5, 2025); L. Civ. R. 78.1(a).

P. 25(a)(1). Rule 25 uses the present tense "dies" and not the past or present perfect "died" or "has died." *See Carr v. United States*, 560 U.S. 438, 447-48 (2010) (interpreting a present tense verb and applying the Dictionary Act, 1 U.S.C. § 1). Therefore, the plain language suggests that Rule 25 is prospective, applying only to parties who die during litigation, not those who pass away before litigation commences. *See* 7C Wright & Miller's Federal Practice & Procedure § 1951 (3d ed. 1998) ("Substitution is not possible if one who was named as a party in fact died before the commencement of the action.").

Contrary to Plaintiff's position, the prevailing view in the federal courts is that Rule 25 cannot cure a complaint void ab initio. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam) (holding that Rule 25 substitution is unavailable when the deceased party died before the initiation of litigation); *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (holding that Rule 25 "clearly contemplates substitution for a party, i.e., for someone who had been made a party to the action before his death."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 156 (E.D. Pa. 2015) (recognizing that "the majority of federal and state courts that have considered the issue agree that an action filed in the name of a pre-deceased plaintiff is not viable" and concluding that the complaints "are null ab initio and cannot be amended to rectify the fatal flaw"). Accordingly, even though Plaintiff passed away only one day before the Complaint was filed, Opp'n 3, other courts have dismissed cases involving predeceased plaintiffs under similar timelines. *See Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (dismissing a lawsuit filed several hours after the plaintiff passed away); *In re Aredia & Zometa Prods. Liab. Litig.*, No. 03-11-0327, 2012 WL 2015791, at *1-2 (M.D. Tenn. June 5, 2012) (dismissing for lack of jurisdiction where the lawsuit was filed a day before the suit was commenced).

Furthermore, Rule 17 does not save Plaintiff's complaint because there is a distinction between legal existence, which substitution cannot cure, and legal capacity governed by Rule 17, which substitution can remedy. *See In re Proton-Pump Inhibitor Prods. Liab. Litig.*, No. 17-MD-02789, 2022 WL 17850260, at *4 (D.N.J. Dec. 22, 2022) (holding that "Rule 17 cannot overcome plaintiffs['] lack of legal existence" where several plaintiffs' complaints were filed after they had passed away); *In re Asbestos Prods. Liab. Litig.*, 311 F.R.D. at 155 (concluding that "Rule 17 never becomes relevant" when the complaint is void ab initio because "Rule 17 only contemplates the capacity to sue, not the prerequisite of legal existence"); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 790 (4th Cir. 2019) (holding that Rules 17 and 25 do not permit substitution of a predeceased plaintiff). Indeed, Rule 17 applies to substitution of an initial plaintiff only "as a result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (quoting *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001)).

Across the country, courts routinely dismiss cases brought by a predeceased plaintiff with prejudice. *See, e.g., In re Engle Cases*, No. 09-cv-10000-J-32JBT, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013), *aff'd*, 767 F.3d 1082 (11th Cir. 2014) (dismissing with prejudice and concluding that "a lawsuit filed in the name of a deceased individual is a

3

nullity over which this Court has no jurisdiction"); *Lacy v. Tyson*, No. 07-CV-00381, 2012 WL 4343837, at *2-3 (E.D. Cal. Sept. 20, 2012), *report and recommendation adopted*, No. 07-CV-00381, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012) (recommending dismissal of a predeceased party be dismissed with prejudice); *cf. In re Asbestos Prods. Liab. Litig.*, 311 F.R.D. at 156 ("[S]ince the deceased Plaintiffs had no legal existence when their complaints were filed, their suits are nullities with no legal effect.").

## IV.   CONCLUSION

The Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED WITH PREJUDICE**, and the remainder of the Motion is **DENIED** as moot.[3] The Clerk is directed to close this case.

**DATE:** January 5, 2026

WILLIAM J. MARTINI, U.S.D.J.

---

[3] Dismissal here does not preclude a new action. *See Adelsberger v. United States*, 58 Fed. Cl. 616, 619 n.3 (2003) (concluding that dismissal with prejudice "would not preclude a new action by the personal representative, assuming the claim survives, and assuming proof of appointment").

4