# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ORTIZ DE LA HOZ,** | No. 25-cv-04231-WJM-MAH |
| **Plaintiff,** | **OPINION AND ORDER** |
| **v.** | |
| **RR ENTERTAINMENT MUSIC CORP. et al,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Following dismissal of this case for lack of subject matter jurisdiction, Defendants Ranphys Dario Ortiz de Leon and Raphael Dario Ortiz de Leon (collectively, "Defendants") moved, pro se, for sanctions pursuant to Federal Rule of Civil Procedure 11. ECF No. 32 ("Motion"). The Motion is fully briefed, and the Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion is **DENIED**.

## I.     BACKGROUND

On January 5, 2026, the Court dismissed this case on the grounds that it was void ab initio because the Plaintiff passed away the day before the Complaint was filed. 2026 WL 25947, at *2-3 (D.N.J. Jan. 5, 2026) (ECF No. 30) ("MTD Opinion"). The Court's dismissal was with prejudice, and the Court directed the Clerk to close this case. *Id.*

On January 21, 2026, Defendants moved for Rule 11 sanctions based on Plaintiff's counsel continuing to litigate this action even though Plaintiff's death before the Complaint was filed constituted a fatal defect. Mot. 4. Defendants sent Plaintiff's counsel a Rule 11 letter on November 5, 2025, before they filed their Motion to Dismiss on November 24, 2025, including proof of service by email and priority mail. *Id.* 19-24. On February 4, 2026, Defendant Ranphys Dario Ortiz de Leon submitted a declaration notifying the Court of a trademark complaint submitted to YouTube, which requested removal of a video of Plaintiff. ECF No. 34 ("Ranphys Declaration"), at 2. The Ranphys Declaration asserts that the filing of the trademark complaint "directly relevant to the Court's evaluation of bad faith, improper purpose, and abuse of legal process under Rule 11" given the Court's "clear judicial determination that the claims were void ab initio." *Id.* at 1.

1

## II.   LEGAL STANDARD

Rule 11's "central purpose" is "to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The standard is "whether the attorney's conduct was objectively reasonable under the circumstances." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 297 (3d Cir. 2010), *as amended* (Dec. 7, 2010) (citation modified). Although the Court has discretion, the Court cannot "base[] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405. Additionally, the Third Circuit has adopted a "supervisory rule" providing that "all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988); *see also* L. Civ. R. 11.3 (requiring that "[a]ll applications for sanctions" under Rule 11 "shall be filed with the Clerk prior to the entry of final judgment notwithstanding the provisions of any other Rule of this Court").

## III.   DISCUSSION

Rule 11 sanctions are unwarranted here, both because the Motion is untimely and on the merits of the conduct in the Ranphys Declaration and the underlying Motion.

As to timeliness, the Third Circuit's supervisory rule precluding Rule 11 motions after the entry of final judgment renders the Motion untimely. *See Mary Ann Pensiero*, 847 F.2d at 100. The MTD Opinion and corresponding Order consist of a final judgment, which was not timely appealed. *See Garrett v. Murphy*, 17 F.4th 419, 424 (3d Cir. 2021) (referring to a dismissal with prejudice as a final judgment). The Motion post-dated the MTD Opinion, and the Reply does not refute the unbroken line of cases barring the Court from considering Rule 11 sanctions after the entry of final judgment. ECF No. 36 ("Reply"), at 2-5; *see Simmerman v. Corino*, 27 F.3d 58, 63-64 (3d Cir. 1994) (reversing *sua sponte* sanctions three months after final judgment was entered); *Mellon Bank Corp. v. First Union Real Est. Equity & Mortg. Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991) (affirming denial of sanctions where the moving party filed a Rule 11 motion two weeks after the entry of final judgment). Defendants cannot also amend their Motion on Reply to request—for the first time—sanctions under the Court's inherent authority. Reply 5; *see Aiellos v. Zisa*, No. CIV. A. 09-3076, 2009 WL 3486301, at *1 (D.N.J. Oct. 20, 2009) (Martini, J.) ("It is hornbook law that arguments raised for the first time in a reply brief are waived."). Although Defendants are pro se, they must still abide by the same set of rules as represented parties. *See Martinez v. Fudeman*, 742 F. App'x 705, 707 (3d Cir. 2018) ("[D]espite his pro se status, [Plaintiff] was responsible for knowing the procedural rules.").

As to conduct not covered by the *Pensiero* supervisory rule—*i.e.*, allegations in the Ranphys Declaration that counsel improperly submitted a trademark complaint to YouTube after the MTD Opinion was docketed—Rule 11 sanctions are unavailable because the conduct does not involve the signing of a pleading or court paper. *See Landon v. Hunt*, 938 F.2d 450, 453 (3d Cir. 1991) (noting that the Third Circuit has "consistently

2

held that "Rule 11 sanctions are proper *only* in situations involving a signed pleading" (emphasis in original)).

Finally, concerning Defendants' substantive arguments, Plaintiff's counsel did not act contrary to law in continuing to litigate this case given the lack of binding authority as to whether substitution was legally possible for a pre-deceased plaintiff. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("If there is doubt how the district court will rule on the challenged pleading or motion, the filing of the paper is unlikely to have violated Rule 11."). The Motion relies heavily on the MTD Opinion, which followed the allegedly sanctionable conduct. *See Scott v. Vantage Corp.*, 64 F.4th 462, 473 (3d Cir. 2023) ("[C]ourts should avoid 'the wisdom of hindsight' when conducting Rule 11 inquiries."). And to be clear, Plaintiff's counsel may file a new complaint on behalf of Plaintiff's estate, which is not bound by MTD Opinion because it was never properly substituted as a party. *See* MTD Opinion at *3 & n.3 ("Dismissal here does not preclude a new action."); *see also Levin v. Lillien*, 511 F. App'x 149, 150 (3d Cir. 2013) ("[A]lthough the District Court's order provides for a dismissal with prejudice, there is no question in this case that, as a matter of law, the District Court's decision has no preclusive effect, other than on the merits of its jurisdictional ruling.").

## IV.    CONCLUSION

For all these reasons, the Motion is **DENIED**.

## V.    ORDER

IT IS on this ___ day of March 2026, hereby,

**ORDERED** that the Motion for Rule 11 Sanctions is **DENIED**.

_____

WILLIAM J. MARTINI, U.S.D.J.

3